**Joseph P. HARAN, Plaintiff–Appellant,**

v.

**CITY OF RIVERSIDE; et al.,
Defendants–Appellees.**

No. 04–57097.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2006 *.

Jan. 5, 2007.

Loren Nizinski, Esq., Ahtirski & Nizinski, Van Nuys, CA, for Plaintiff–Appellant.

John M. Porter, Esq., Lewis Brisbois Bisgaard & Smith LLP, San Bernardino, CA, for Defendants–Appellees.

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Joseph P. Haran ("Haran") sued the City of Riverside, California and Police Officer William Rhetts under 42 U.S.C. § 1983 for use of excessive force in violation of the Fourth Amendment. Following a jury verdict, the district court entered judgment dismissing Haran's action. Haran now appeals the district court's rulings on three pre-trial in limine motions and one evidentiary objection during trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Haran has waived his right to assert his ability to use the challenged evidence for impeachment. Although the district court ruled that Haran could use the evidence for that purpose, Haran either did not attempt to use it, or in fact introduced it without objection. *See Tennison v. Circus Circus Enters., Inc.,* 244 F.3d 684, 689 (9th Cir.2001).

Haran has not waived his challenge to the district court's exclusion of the evidence for the purpose of establishing substantive liability. *See United States v. Lui,* 941 F.2d 844, 846 (9th Cir.1991). After careful review of the record on the merits, we conclude that the district court did not abuse its discretion either in its rulings on the pre-trial motions in limine or in precluding a line of defense questioning during trial.[1]

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. We "generally review a district court's evidentiary rulings for abuse of discretion," *United States v. Boulware,* 384 F.3d 794, 800–01 (9th Cir.2004) (citations omitted), and "accord[ pretrial in limine rulings] the same deference." *United States v. Layton,* 767 F.2d 549, 555 (9th Cir.1985).